

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-19-00726-CR & 04-19-00727-CR

James **CARDONA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2017CR6794 & 2017CR6795
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed: December 11, 2019

DISMISSED

The trial court's certifications in these related appeals state: "[T]his criminal case is a plea-bargain case, and the defendant has NO right of appeal."

"In a plea bargain case . . . a defendant may appeal only: (a) those matters that were raised by written motion filed and ruled on before trial, or (b) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The clerk's records, which contain written plea bargains, establish the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's records do not include written

motions filed and ruled upon before trial, nor do they indicate the trial court gave its permission to appeal. *See id.* The trial court's certifications, therefore, appear to accurately reflect that these are plea bargain cases and appellant does not have a right to appeal.

We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). We issued an order stating these appeals would be dismissed unless amended trial court certifications were made part of the appellate record by December 2, 2019. *See id.*; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No such amended trial court certifications have been filed.

Accordingly, these appeals are dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH